**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| William Drumwright, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   16 C 337 |
| | ) | |
| Capio Partners, LLC, a Texas limited liability company, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, William Drumwright, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.     Plaintiff, William Drumwright ("Drumwright"), is a citizen of the State of Virginia, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed to Danville Medical Center, despite the fact that he had exercised his rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Capio Partners, LLC ("Capio"), is a Texas limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Capio operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Capio was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5.      Defendant Capio is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant conducts business in Illinois.

6.      Defendant Capio is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B.  In fact, Defendant acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7.      Mr. Drumwright is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed to Danville Medical Center.  When Capio began trying to collect this debt from Mr. Drumwright, by sending him a collection letter, dated March 7, 2013, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Capio's collection actions.  A copy of this letter is attached as Exhibit C.

2

8.  Accordingly, on March 29, 2013, one of Mr. Drumwright's attorneys at LASPD informed Capio, in writing, that Mr. Drumwright was represented by counsel, and directed Capio to cease contacting him, and to cease all further collection activities because Mr. Drumwright was forced, by his financial circumstances, to refuse to pay his unsecured debts.  Copies of this letter and the fax confirmation and are attached as Exhibit D.

9.  Nonetheless, Defendant Capio sent a collection letter, dated October 8, 2015, directly to Mr. Drumwright, which once again demanded payment of the Danville Medical Center debt.  A copy of this collection letter is attached as Exhibit E.

10.  Accordingly, on December 21, 2015 one of Mr. Drumwright's LASPD attorneys had to write to Defendant Capio to demand, yet again, that it cease communications and cease collection of the debt.  Copies of this letter and the fax confirmation are attached as Exhibit F.

11.  Defendant Capio's collection actions complained of herein occurred within one year of the date of this Complaint.

12.  Defendant Capio's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13.  Plaintiff adopts and realleges ¶¶ 1-12.

14.  Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Mr. Drumwright's agent/attorney, LASPD, told Defendant Capio to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Capio violated § 1692c(c) of the FDCPA.

16.     Defendant Capio's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant Capio knew that Mr. Drumwright was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant Capio to cease directly communicating with him.  By directly sending Mr. Drumwright the letter (Exhibit E), despite being advised that he was represented by counsel, Defendant Capio violated § 1692c(a)(2) of the FDCPA.

20.     Defendant Capio's violation of § 1692c(a)(2) of the FDCPA renders it

liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, William Drumwright, prays that this Court:

1.　　Find that Defendant Capio's debt collection actions violated the FDCPA;

2.　　Enter judgment in favor of Plaintiff Drumwright, and against Defendant Capio, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.　　Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, William Drumwright, demands trial by jury.

William Drumwright,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  January 11, 2016

David J. Philipps　　(Ill. Bar No. 06196285)
Mary E. Philipps　　(Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com